IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSE SANTOS MENDOZA,

    Petitioner,                    No. CIV S-07-1757 GEB GGH P

    vs.

M.C. McDONALD, et al.,

    Respondents.                FINDINGS AND RECOMMENDATIONS

_____/

I. Introduction

       Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant 28 U.S.C. § 2254. Petitioner challenges his 2003 conviction for second degree murder. This action is proceeding on the original petition filed August 28, 2007.

       The petition raises two claims of ineffective assistance of counsel. In particular, petitioner alleges that counsel told him that if he accepted the offer of 15 years to life, he would only serve 10 to 11 years and then be deported. Petitioner also alleges that his counsel failed to speak on his behalf during sentencing.

       Pending before the court is respondent's November 19, 2007, motion to dismiss on grounds that this action is barred by the statute of limitations. After carefully considering the record, the court recommends that respondent's motion be granted.

1

The statute of limitations for federal habeas corpus petitions is set forth in 28 U.S.C. § 2244(d)(1):

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

In his opposition, petitioner argues that he did not understand the consequences of his guilty plea until he arrived at state prison and learned from other inmates that a 15-to-life sentence meant that he would spend the rest of his life in prison. As discussed above, petitioner contends that his lawyer told him he would spend 10 to 11 years in prison and then be deported. Petitioner suggests that the limitations period should run from the date on which he discovered this claim rather than the date his conviction became final. In his March 7, 2008, response to respondent's reply to his opposition, although not a proper pleading, petitioner contends that he discovered the legal consequences of his plea in May 2005.

28 U.S.C. § 2244(d)(1)(D) provides that the limitations period may run from the date on which the *factual* predicate of the claim could have been discovered through due diligence. A prisoner knows of the factual predicate of a claim "when ...he knows (or through the diligence could discover) the important facts, not when the prisoner recognizes their legal significance." Hasan v. Galaza, 254 F.3d 1150, 1154 n. 3 (9th Cir. 2001)(citing Owens v. Boyd,

1 | 235 F.3d 356, 359 (7th Cir. 2000).

2 |         In the instant case, at the time petitioner pled guilty he knew he was pleading to 15 years to life. He also knew that his lawyer had told him that he would serve 11 to 12 years and then be deported. Therefore, petitioner knew the important facts supporting his claim at the time of his conviction. Petitioner discovered the legal significance of these facts when he went to prison. Accordingly, the court finds that the statute of limitations runs from the date petitioner's conviction became final rather than from the date he discovered the legal consequences of his plea.

        On December 12, 2003, petitioner pled guilty. Respondent's Lodged Document no. 1. He did not appeal. Therefore, his conviction became final sixty days later on February 10, 2004. Under the California Rules of Court in effect at the time of petitioner's conviction, petitioner was required to file a statement in support of a certificate of probable cause, which would serve as a notice of appeal, or his conviction would become final 60 days after judgment on his conviction was rendered. See former California Rule of Court 31(d); see also Cal. Penal Code § 1237.5. Accordingly, petitioner's conviction became final on February 10, 2004.

        Petitioner had one year from that date to file a timely federal petition, i.e. until February 10, 2005. The instant action, filed August 28, 2007, is barred unless petitioner is entitled to statutory or equitable tolling.

        28 U.S.C. § 2254(d)(2) provides that the time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

        Petitioner filed his first state habeas corpus petition in the Yuba County Superior Court on July 18, 2005. Respondent's Lodged Document no. 2. Because petitioner did not file his first state habeas petition until after the limitations period ran, he is not entitled to statutory tolling. Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001) (once the statute has run, a collateral

action cannot revive it).

The court now considers whether petitioner is entitled to equitable tolling. The one year statute of limitations for filing a habeas petition may be equitably tolled if "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). The prisoner must show that the "extraordinary circumstances" were the cause of his untimeliness. Stillman v. LaMarque, 319 F.3d 1199, 1203 (9th Cir. 2003). "Indeed, the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002). Petitioner "bears the burden of showing that this extraordinary exclusion should apply to him." Id. Determining whether equitable tolling applies is a "fact-specific" inquiry. Fry v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2001).

Petitioner argues that he is entitled to equitable tolling because he is illiterate and speaks only Spanish. The problem with these arguments is that petitioner claims that he did not discover the legal consequences of his plea until May 2005 after talking with other inmates. Petitioner then filed his first state habeas petition two months later in July 2005. Based on these circumstances, the court does not find that petitioner's illiteracy or inability to speak English prevented him from filing a timely federal petition within the limitations period. Therefore, he is not entitled to equitable tolling on these grounds.

In any event, the Ninth Circuit has held in the context of exhaustion and procedural default that the illiteracy of a pro se petitioner does not constitute "cause" for his failure to present a claim in state court. Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 909 (9th Cir. 1986). Consequently, the court cannot conclude that illiteracy is an extraordinary circumstance sufficient to justify equitable tolling.

In Mendoza v. Carey, 449 F.3d 1065, 1071 (9th Cir. 2006), the Ninth Circuit found that a "non-English speaking petitioner seeking equitable tolling must, at a minimum, demonstrate that during the running of the AEDPA time limitation, he was unable, despite

diligent efforts, to procure either legal materials in his own language or translation assistance from an inmate, library personnel, or other source." 449 F.3d at 1070.

In his declaration attached to the response to respondent's reply, petitioner states that he does not read, write or speak English. In addition, petitioner states that there are no Spanish speaking clerks in the library and no books in Spanish in the library. In his response, petitioner states that he filed his first state habeas petition once he was able to obtain the assistance of a jailhouse lawyer.

As discussed above, petitioner did not begin to look for a jailhouse lawyer until he discovered the legal consequences of his plea, which was after the limitations period ran. Petitioner was able to obtain a jailhouse lawyer and file his first state habeas petition within two months of discovering the legal consequences of his plea. Based on these circumstances, the court does not find that petitioner's inability to speak or read English prevented him from filing a timely federal petition. Petitioner is not entitled to equitable tolling on this ground.

In his March 7, 2008, response to respondent's reply, petitioner also argues for equitable tolling on grounds that he had limited law library access because the prison was on lockdown for most of the year. The problem with this argument is that petitioner also claims that the law library had no books in Spanish. More importantly, petitioner filed his first state habeas petition within two months of discovering the legal consequences of his plea. Petitioner's inability to access the law library did not prevent him from filing a timely federal petition. Accordingly, petitioner is not entitled to equitable tolling on this ground.

For the reasons discussed above, the court finds that petitioner's petition is barred by the statute of limitations.

Accordingly, IT IS HEREBY RECOMMENDED that respondent's November 19, 2007, motion to dismiss be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty

days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: 04/15/08

/s/ Gregory G. Hollows
_____
UNITED STATES MAGISTRATE JUDGE

men1757.mtd